UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIAN MAJKRZAK AND JOANNA MAJKRZAK,

              Plaintiff,

         v.

LONG ISLAND AUTO MALL CORP. a/k/a ISLAND AUTO MALL and CAPITAL ONE, N.A. d/b/a CAPITAL ONE AUTO FINANCE,

              Defendants.

Civil Action No.:

## COMPLAINT

Plaintiffs, Marian Majkrzak ("Mr. Majkrzak") and Joanna Majkrzak ("Mrs. Majkrzak" and together with Mr. Majkrzak "Plaintiffs"), bring this action to secure redress against unlawful, unfair, abusive and deceptive lending and business practices engaged in by defendants, Long Island Auto Mall Corp. a/k/a Island Auto Mall ("Island Auto Mall"), and Capital One, N.A. d/b/a Capital One Auto Finance ("Capital One")[1] relating to an automobile purchase transaction and alleges as follows:

## NATURE OF THIS ACTION

1. In May 2020, Mr. Majkrzak was in a serious car accident totaling his then vehicle, a 2016 Mercedes. After resolving insurance claims and DMV matters, Plaintiffs began searching for a used replacement vehicle. Plaintiffs believed that Mr. Majkrzak was unharmed in the accident because of the safety of Mercedes vehicles. Plaintiffs recovered approximately $24,000.00 from their insurance company and set that as their budget for replacement Mercedes. Plaintiffs have three children in college with all the

---

[1] Island Auto Mall and Capital One may hereinafter be collectively referred to as "Defendants".

expenses that go with it and so staying within their budget was important to them. They knew that $24,000.00 would not be enough to buy a brand-new Mercedes but thought they could find a reliable used one for that much.

2. After a long search, Plaintiffs found what they thought might be appropriate vehicles advertised on CarGuru.com for sale with defendant Island Auto Mall. On July 21, 2020, Plaintiffs visited defendant Island Auto Mall's showroom and were shown a 2017 Mercedes-Benz E-Class E 300 at the advertised price of $22,100.00 (the "Vehicle") – well within Plaintiffs' budget. Plaintiffs agreed to purchase the Vehicle.

3. When it came time to memorialize the transaction, everything fell apart. Through trickery, lying and deceit, defendant Island Auto Mall increased the cost of the Vehicle by more than $10,000.00. In so doing, Defendants violated a number of federal and state consumer protection laws.

4. In this action Plaintiffs seek, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the New York Motor Vehicle Retail Installment Sales Act, Sec. 302 *et. seq.* ("NY MVRISA"); New York General Business Law §§ 349 and 350, and common law claims for fraud and conversion.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1640.

6. This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

7. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

8. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and island Auto Mall maintains offices, transacts business, and is otherwise found in this district.

## PARTIES

9. Plaintiffs are natural persons residing in the Suffolk County, New York.

10. Upon information and belief, Island Auto Mall, a car dealership, is a domestic corporation organized and existing under the laws of the State of New York with a place of business located at 185 E Sunrise Hwy. Freeport, NY 11520.

11. Upon information and belief, Capital One is a division of a national banking association and provides automobile loans and loan servicing nationwide including in the state of New York.

12. Capital One is, upon information and belief, assignee of Plaintiffs' contracts with Island Auto Mall and, as a result, is subject to all claims and defenses pursuant to federal and New York law.

## FACTS

The Vehicle Sale

13. On July 21, 2020 Plaintiff agreed to purchase the Vehicle from Island Auto Mall for the advertised price of $22,100.00 paid in cash and without financing.



14. However, Island Auto Mall presented Plaintiffs with a Retail Installment Simple Finance Contract (the "RISC"). The terms of the RISC differed significantly from the terms under which Plaintiffs had initially agreed. Most significantly, the RISC required that the Vehicle be purchased through a financed transaction, at the yearly rate of 5.08% interest, with a $6,000.00 down payment and a selling price of $35,744.09 inclusive of $2,844.09 in sales tax.

15. Perplexed, Plaintiffs asked Island Auto Mall to explain why the transaction was being materially changed. Island Auto Mall's representative offered two fraudulent and violative explanations. The first, that cash sales were not available; and the second, that purchase of the Vehicle required a $10,000.00 "certification".

16. Plaintiffs asked repeatedly that the $10,000.00 certification be eliminated as they did not know what it was, did not want it and that they be permitted to complete the transaction in cash rather than on credit. Island Auto Mall refused these repeated requests and later claimed that a cash paying customer would have to pay a higher price for the Vehicle than a debt buying customer due to "additional charges".

4

17. By this point, Plaintiffs had been at Island Auto Mall's showroom for over three hours, they were tired and enamored with the Vehicle. Plaintiffs had searched a long time for an appropriate replacement vehicle and were tired of shopping. Begrudgingly and under duress, Plaintiffs agreed and signed the RISC.

18. Additional hours past while Plaintiffs waited to be handed the keys and leave with the Vehicle. Finally, Island Auto Mall's representative told Plaintiffs that there was a hold up with the paperwork and they would need to return the next day to take delivery of the Vehicle.

19. Plaintiffs returned to Island Auto Mall's dealership the next day, but the Vehicle was not immediately ready for delivery. While waiting, Plaintiffs again questioned Island Auto Mall's representatives about the transaction, but they refused to discuss it with them. Suspicious, Plaintiffs asked that the transaction be cancelled but Island Auto Mall refused claiming that the RISC had already been signed.

20. After about three hours, Plaintiffs finally took delivery of the Vehicle frustrated and confused.

21. At all relevant times Defendants acted willfully and in bad faith.

22. The unlawful actions described herein harmed Plaintiffs.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF TILA**
(15 U.S.C. § 1601 *et. seq*. TILA)

23. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

24. Plaintiffs' transaction as described herein was a consumer credit transaction within the meaning of the TILA, and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

25. Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

26. Defendants are creditors within the meaning of TILA and Regulation Z, 15 USC § 1602(f) and Reg Z § 226.2(a)(17).

27. The RISC lists a motor vehicle, an article of personal property, as collateral.

28. The RISC is a written agreement, payable in more than four installments.

29. The finance charge indicated on the RISC exceeds $1,000.00.

30. The copy of the RISC that was provided to Plaintiffs is inconsistent with oral disclosures made by Island Auto Mall on the date of the transaction.

31. Defendants failed to provide Plaintiffs with clear and conspicuous disclosures of the terms of the loan as required under TILA §§ 1631 and 1632 and Regulation Z.

32. The increase in the cash price of the Vehicle from the originally confirmed and advertised price of $22,100.00 and the $10,000.00 "certification" are "finance charges" as defined under TILA § 1605(a) and Regulation Z § 226.4(a).

33. As a result of Defendants' failure to properly include these and/or other fees and charges as finance charges, the sale price, finance charge, amount financed, and APR disclosed in Plaintiffs' RISC are all materially misstated, in violation of TILA and Regulation Z. e.g. § 1638(a)(2) through (5) and §226.18(b), (d), (e), and (h).

34. Defendants have failed to provide Plaintiffs with clear and conspicuous disclosures of the terms of the loan as required under TILA and Regulation Z. e.g. 15 U.S.C. § 1632(a), § 1638(a), and Regulation Z, e.g. 12 C.F.R. § 226.17(a)(1).

35. As a result of Defendants' incomplete, inaccurate, and materially misstated disclosures, Plaintiffs have suffered actual damages, including but not limited to over $10,000 in additional charges, some of which are additional fees corresponding to no legitimate good or service and some of which correspond to products that Plaintiffs did not want or need, and all of which Defendants added to the transaction incident to the extension of credit.

36. Had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiffs would not have agreed to purchase the Vehicle on the terms and conditions imposed on them by Defendants and instead would have sought to purchase a vehicle without the unwanted and unnecessary additional charges imposed on them.

37. Additionally, had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiffs would have sought and obtained an alternate transaction.

38. For these reasons, Defendants are liable under TILA and Regulation Z (see, e.g. 15 U.S.C. §§ 1640 and 1641) for statutory damages, actual damages, attorneys' fees, litigation expenses and costs, for a declaratory judgment that they have violated TILA and Regulation Z, and for such other or further relief as the Court deems appropriate.

39. Capital One, upon information and belief, is assignee of the contracts entered into between Island Auto Mall and Plaintiff as a result, is subject to all claims and defenses as the TILA violations set forth herein are clear upon the face of the documents assigned.

**SECOND CAUSE OF ACTION**
**<u>VIOLATIONS OF NEW YORK MVRISA</u>**
(N.Y.P.P.L. § 301 *et seq.*)

40. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

41. Island Auto Mall is a "retailer seller" within the meaning of MVRISA §301(3).

42. The transaction as described above involved a "retail installment sale" within the meaning of MVRISA §301(4).

43. MVRISA expressly incorporates all TILA disclosure requirements, providing, in addition to all of its other requirements that "[a]ll items required to be disclosed by the act of congress entitled "Truth in Lending Act" and the regulations thereunder, as such act and regulations may from time to time be amended." §302(5)(1).

44. As set forth above, Defendants violated numerous TILA provisions.

45. As set forth above, the RISC provided to Plaintiffs was in gross violation of TILA's requirements.

46. The violations set forth herein were both knowing and willful.

47. Defendants had ample opportunities to correct the violations but failed to do so.

48. For all of the reasons stated herein, under MVRISA § 307, Defendants are barred from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiffs are entitled to costs and attorney's fees.

### THIRD CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICES
(N.Y. Gen. Bus. Law § 349(h))

49. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

50. Plaintiffs are each persons within the meaning of N.Y. Gen. Bus. Law § 349(h) who has been injured by reason of the deceptive acts or practices of Defendantss.

51. Each of the deceptive acts and practices set forth herein constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

52. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

53. Upon information and belief, Island Auto mall routinely hides the true cost of borrowing from its customers by, as in Plaintiffs' case, misstating the amounts financed.

54. Island Auto Mall's conduct and statements were materially misleading.

55. These deceptive acts and practices were committed in conduct of business, trade, commerce or the furnishing of a service in this state.

56. As a result of these violations of NYGBL §349, Plaintiffs suffered pecuniary and non-pecuniary harm.

57. Upon information and belief, island Auto Mall's violations were willful and knowing and committed in bad faith.

58. For these reasons, Plaintiffs are entitled to actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h), and declaratory judgment that Defendants' practices are deceptive as defined under § 349.

**FOURTH CAUSE OF ACTION**
**FALSE ADVERTISING**
(N.Y. Gen. Bus. Law § 350)

59. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

60. Pursuant to General Business Law §350-a(1), the term "false advertising" means advertising if such advertising is misleading in a material respect.

61. Defendants engaged in unlawful "false advertising" prohibited under General Business Law §350-a(1) by making representations, either by statement, word, design, device, sound or any combination thereof, to Plaintiffs and the public -- online and on the Dealership lot, that were materially misleading including, but not limited to, that the sale price of the Vehicle was thousands of dollars less than the price it eventually charged.

62. This false advertising was committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

63. Defendants' false advertising was done knowingly and willfully and committed in bad faith.

64. Defendants' advertising was misleading in a material respect by failing to reveal that the advertised price required financing of the sale and the purchase of a $10,000.00 "certification".

65. As a result of Defendants' false advertising, Plaintiffs have been injured and seeks actual damages, three times the actual damages up to $10,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 350 as well as declaratory judgment that Defendants' practices are false advertising pursuant to General Business Law §350-a.

## FIFTH CAUSE OF ACTION
## COMMON LAW FRAUD

66. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

67. Defendants asserted false representations of material facts as set forth above, including but not limited to, that Plaintiff could not purchase the Vehicle for Cash and that the $10,000.00 "certification" was a necessary component of the transaction.

68. Upon information and belief, Defendants knew that the representations were false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to it. This is because, upon information and belief, Island Auto Mall knew that Plaintiffs could purchase the vehicle for cash and that the $10,000.00 "certification" did not exist or was not a necessary component of the transaction.

69. Defendants made these false representations for the purpose of defrauding Plaintiffs and to entice them to buy the Vehicle at a cost thousands of dollars more than they had agreed to or that was necessary.

11

70. Had Defendants told Plaintiffs the truth, Plaintiffs would not have signed the RISC and would have purchased a vehicle at a dealership where the contract terms were accurate.

71. Plaintiffs justifiably relied upon Defendants' misrepresentations in agreeing to sign the RISC.

72. Plaintiffs suffered damages as a direct result of the reliance upon the misrepresentations.

**WHEREFORE**, Plaintiffs respectfully requests this Court to enter judgment in its favor and grant the following relief:

1. **On the First Cause of Action:**
An award in favor of Plaintiffs and against Defendants for violating TILA awarding (a) statutory damages, (b) actual damages (c) costs; (d) reasonable attorneys' fees, and (e) ordering Plaintiffs' obligation under the RISC void;

2. **On the Second Cause of Action:**
An award in favor of Plaintiffs and against Defendants for violating the MVRISA barring Defendants from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiffs' costs and attorneys' fees.

3. **On the Third Cause of Action:**
An award in favor of Plaintiffs and against Defendants for violating NYGBL §349 awarding (a) actual damages, (b) three times the actual damages up to $1,000.00, and (c) costs and reasonable attorneys' fees;

4. **On the Fourth Cause of Action:**
An award in favor of Plaintiffs and against Defendants for violating NYGBL §350 awarding (a) actual damages, (b) three times the actual damages up to $10,000.00, and (c) costs and reasonable attorneys' fees;

5. **On the Fifth Cause of Action:**
An award in favor of Plaintiffs and against Defendants for their fraud in an amount to be proven at trial including, but not limited to, incidental and consequential damages, punitive damages and attorney fees;

6. Any additional and further relief as may be deemed just and appropriate.

Dated: Nyack, New York
      January 23, 2021

                                           **THE LAW OFFICES OF**
                                           **ROBERT J. NAHOUM, P.C.**
                                           *Attorneys for Plaintiffs*

By:_____
        **ROBERT J. NAHOUM**
        48 Burd Street, Suite 300
        Nyack, NY 10960
        Telephone No.: (845) 450-2906
        Facsimile No.: (888) 450-8640
        Email: RJN@NahoumLaw.com