IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIAN MAJKRZAK and JOANNA MAJKRZAK,<br><br>       Plaintiff,<br><br>   v.<br><br>LONG ISLAND AUTO MALL CORP. a/k/a ISLAND AUTO MALL and CAPITAL ONE, N.A. d/b/a CAPITAL ONE AUTO FINANCE,<br><br>       Defendants. | Case No.: 2:21-cv-00386 |

**ANSWER AND AFFIRMATIVE DEFENSES OF CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A., TO THE COMPLAINT**

Defendant, Capital One Auto Finance, a Division of Capital One, N.A., incorrectly identified as Capital One, N.A. d/b/a Capital One Auto Finance ("Capital One"), answers the Complaint of Plaintiffs, Marian Majkrzak and Joanna Majkrzak ("Plaintiffs"), as follows:

**AS TO "NATURE OF THIS ACTION"**

1. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

2. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

3. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required.

4. The allegations of this paragraph purport to characterize the Complaint, which is a writing which speaks for itself, and Capital One denies any allegations or characterizations inconsistent with its terms.

## AS TO "JURISDICTION AND VENUE"

5. The allegations of this paragraph are conclusions of law to which no response is required.

6. The allegations of this paragraph are conclusions of law to which no response is required.

7. The allegations of this paragraph are conclusions of law to which no response is required.

8. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

## AS TO "PARTIES"

9. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

10. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

11. Admitted.

12. Admitted solely to the extent that Capital One was assigned a particular Retail Installment Simple Finance Contract ("RISC") from Loan Island Auto Mall Corp. a/k/a Island Auto

Mall. The remaining allegations in this paragraph are conclusions of law to which no response is required.

## AS TO "FACTS"

13. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

14. The allegations of this paragraph purport to characterize a specific RISC, which is a writing which speaks for itself, and Capital One denies any allegations or characterizations inconsistent with its terms. Further, Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

15. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

16. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

17. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

18. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

19. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

20. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

21. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

22. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

### As to "First Cause of Action
### Violation of TILA (15 U.S.C. § 1601 *et seq.* TILA)"

23. Capital One reasserts and realleges paragraphs 1 to 22 as if fully incorporated herein.

24. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

25. Admitted as to Capital One and it otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

26. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

27. The allegations of this paragraph purport to characterize a specific RISC, which is a writing which speaks for itself, and Capital One denies any allegations or characterizations inconsistent with its terms.

28. The allegations of this paragraph purport to characterize a specific RISC, which is a writing which speaks for itself, and Capital One denies any allegations or characterizations inconsistent with its terms.

29. The allegations of this paragraph purport to characterize a specific RISC, which is a writing which speaks for itself, and Capital One denies any allegations or characterizations inconsistent with its terms.

30. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

31. Denied as to Capital One and it otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

32. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

33. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

34. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

35. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

36. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

37. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

38. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

39. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, Capital One admits that it was assigned the RISC, but the remaining allegations in this paragraph are denied.

## As to "Second Cause of Action
## Violations of New York MVRISA (N.Y.P.P.L § 301 *et seq.*)"

40. Capital One reasserts and realleges paragraphs 1 to 39 as if fully incorporated herein.

41. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

42. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

43. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

44. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

45. The allegations of this paragraph purport to characterize a specific RISC, which is a writing which speaks for itself. Further, the allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

46. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

47. Denied.

48. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

### As to "Third Cause Of Action
### Deceptive Trade Practices (N.Y. Gen. Bus. Law § 349[h])"

49. Capital One reasserts and realleges paragraphs 1 to 49 as if fully incorporated herein.

50. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

51. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

52. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

53. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

54. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

55. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

56. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

57. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

58. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

## As to "Fourth Cause of Action
## False Advertising (N.Y. Gen. Bus. Law § 350)"

59. Capital One reasserts and realleges paragraphs 1 to 58 as if fully incorporated herein.

60. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

61. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

62. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

63. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

64. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

65. The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

## As to "Fifth Cause of Action
## Common Law Fraud"

66. Capital One reasserts and realleges paragraphs 1 to 65 as if fully incorporated herein.

67. Denied.

68. Denied.

69. Denied.

70. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

71. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

72. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

## AFFIRMATIVE DEFENSES

Capital One asserts affirmative defenses to the Complaint, while reserving the right to supplement this Answer and to plead additional Affirmative Defenses if and when additional facts become known, as follows:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs' claims are limited in whole or in part by the "Holder Rule," more formally known as the "Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses," as promulgated by the Federal Trade Commission," and all related authorities, which limit the damages,

including attorney's fees, that may be sought and recovered from Capital One to the amount the consumer paid under the contract or RISC.

### Third Defense

Plaintiffs' claims are limited in whole or in part by the terms and conditions of the contract or RISC.

### Fourth Defense

Plaintiffs' recovery is barred by the applicable statute of limitation.

### Fifth Defense

Plaintiffs' have not suffered an ascertainable loss.

### Sixth Defense

Plaintiffs are not entitled to an award of attorneys' fees against Capital One.

### Seventh Defense

Plaintiffs are not entitled to an award of treble damages against Capital One.

### Eighth Defense

Plaintiffs are not entitled to injunctive relief or a declaratory judgment against Capital One.

### Ninth Defense

Plaintiffs' claims are limited in whole or in part by the doctrines of waiver, laches and/or estoppel.

### Tenth Defense

Plaintiffs' claims are limited in whole or in part due to Plaintiffs' own ratification, agreement, acquiescence and/or consent.

### Eleventh Defense

Plaintiffs' damages, to the extent they exist, are the result of the actions of third parties not under the control of Capital One.

4962802v.1

WHEREFORE, Defendant, Capital One Auto Finance, a Division of Capital One, N.A., respectfully requests judgment in its favor and against Plaintiffs, Marian Majkrzak and Joanna Majkrzak, together with an award of such other and further relief as this Court deems appropriate.

By:
/s/ Lijue T. Philip
Andrew K. Stutzman
Lijue T. Philip
STRADLEY RONON STEVENS & YOUNG, LLP
100 Park Avenue, Suite 2000
New York, New York 10017
Telephone: (212) 812-4124
Facsimile: (646) 282-7180
astutzman@stradley.com
lphilip@stradley.com

*Attorneys for Defendant,*
*Capital One Auto Finance, a Division of Capital One, N.A.*

Dated: April 16, 2021